CLOWES *v.* DICKINSON, 9 Cow. 403.
In Ch. 5 J. C. R. 235.

*Judgment and Execution ; Heirs ; Debtor and Creditor.*

THE bill in this case was filed by the plaintiff Clowes, who had purchased two lots of land of V. against whom there was an existing judgment. All the real estate of V., (the residue of which was more than sufficient to satisfy the judgment,) was sold, subject to all incumbrances, under a subsequent judgment, and execution thereupon, under which the two lots of the plaintiff were sold to the defendant D., who made improvements thereon, and sold one of the lots.

The Chancellor (Kent) held, that though the court would have interposed and prevented the sale of the plaintiff's two lots, until the judgment creditor had exhausted the estate remaining in the hands of the debtor, before selling the plaintiff's lot, if he had applied in due season for that purpose ; yet, as he knew of the sale at the time, and delayed four years before he filed a bill for relief, the court would not disturb the sale, or direct a reconveyance of the lots to him ; but the court decreed that the purchaser should pay the plaintiff as an equitable indemnity, under the circumstances of the case, the *sum for which the lots were sold*, with interest from the time.

The Court of Errors on appeal, *reversed* the decree of the Chancellor in form, but in effect affirmed it, except as to the rule of compensation. They held that the *judgment creditor* might have been compelled, on motion to the court in which his judgment was obtained, or on filing a bill in Chancery, by order or decree, to exhaust the estate remaining in the hands of the debtor or his heirs, before selling the part so aliened ; and that if he first sell the land aliened, before resorting to the other, though no order or decree be obtained, he shall restore it to the alienee ; or if sold to a *bona fide* purchaser, before bill filed, the judgment creditor who bid it in, shall account to the first alienee for the *value of the real estate aliened,* if the other assets of the vendor would have satisfied the judgment; or if they would not have satisfied it, then that the judgment creditor should account to the

alienee, the plaintiff, for the value of the premises over and above what would have satisfied the judgment, after so exhausting the judgment debtor's assets.

As to that part of the Chancellor's decree refusing to disturb the sale, the Court of Errors held that the alienee should not be allowed the land itself, having stood by and seen the sale, with improvements, before he asserted his claim. The only ground of *reversal*, therefore was, that the Court of Errors held, that the *true value of the aliened estate in the market, at the time of the sheriff's sale*, and not the price bid at sheriff's sale, and paid for it, should form the measure of the alienee's compensation.